IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ROBERT D. POPE SR., BARBARA )
POPE, ROBERT D. POPE JR., and )
RYAN D. POPE, )
  )
                 Plaintiffs, )                 8:16CV225
  )
            V. )
  )        **MEMORANDUM**
NP DODGE, *et al.*, )        **AND ORDER**
  )
            Defendants. )
  )

This matter is before the court on its own motion. For the reasons set forth below, this action will be dismissed for lack of subject matter jurisdiction.

**BACKGROUND**

Plaintiffs, who are all non-prisoner litigants proceeding pro se, initiated this action on May 20, 2016. (Filing No. 1.) Plaintiffs Robert Pope, Sr., Barbara Pope, and Ryan Pope submitted motions to proceed in forma pauperis (Filing Nos. 2, 6, 11), which were granted by the court. On June 2, 2016, Plaintiff Robert Pope, Jr. submitted the $400.00 filing fee.

Plaintiffs filed an Amended Complaint on June 2, 2016 (Filing No. 9), and a Second Amended Complaint on June 20, 2016 (Filing No. 12). The Second Amended Complaint names the following defendants: (1) NP Dodge; (2) "Awelty@NPDodge (CBS Real Estate);" (3) Iris Pope Gonzales; (4) Jonathan Alexander; (5) James Walz; (6) John Kinney; (7) Josh Livingston; and (8) "Syoung@NPDodge.com." (Filing No. 12 at CM/ECF p. 7.)

The pleadings submitted by Plaintiffs are incoherent and nearly indecipherable.

As best the court can tell, Plaintiffs allege that Defendants were involved in a wiretapping scheme which led to the theft of Pope family property. This property seemingly consists of confidential, electronic files kept on the family's computer and/or in Robert Pope, Sr.'s Hotmail account. Plaintiffs allege that the wiretapping scheme was devised by Iris Pope Gonzales while she was engaged in divorce proceedings with Plaintiff Ryan Pope. Plaintiffs also allege that Defendants are still trying to cover-up the theft by continuing to hack into Robert Pope, Sr.'s email accounts.

The Second Amended Complaint, which largely consists of rambling statements concerning evidence that allegedly supports the theft states, in part: "This fact absolutely confirms the fact that [Defendants] are responsible for the wiretapping evidence of the stealing of our extremely personal, and confidential files." (Filing No. 12 at CM/ECF p. 3.) The Second Amended Complaint further reads:

> Attempts are continually being made to hack into my email account(s) in which I have to frequently change my password(s) to stay ahead of the game . . . I am fully conscious of the fact that [Defendants] know most of the evidence that we have accumulated, and that they continue to try to locate where the evidence of this crime against us is located in my EMAIL account(s). This intrusion into our privacy has caused us to be extremely concerned about our own welfare at this point, and we don't know who and what these people, identified and unidentified, are capable of, up to and including the fact that we are concerned for our very lives . . . we're trying to keep, and have this record, against our family just in case.

(*Id*. at CM/ECF p. 4.)

## DISCUSSION

Plaintiffs maintain that this court has federal question jurisdiction over this matter.[1] (Filing No. 1 at CM/ECF p. 5.) The court disagrees.

---

[1]   Diversity jurisdiction is clearly lacking because Plaintiffs and at least several Defendants are Nebraska residents. *Ryan v. Schneider Nat'l. Carriers, Inc.*, 263 F.3d

2

In order to invoke the jurisdiction of a federal court, a plaintiff must present a substantial federal question.  *Douglas v. Ducomb Center*, 28 Fed. Appx. 562, 563 (7th Cir. 2002).  Allegations that are fantastical and delusional provide no substantial federal question.  *Id*.  It is apparent that subject matter jurisdiction is lacking in this case because Plaintiffs' pleadings contain factual allegations that are so implausible as to be fantastic or delusional.  *Neitzke v. Williams*, 490 U.S. 319, 328 n.6 (1989) ("A patently insubstantial complaint may be dismissed . . . for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)").

"A federal court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations within the complaint 'are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous, . . . plainly unsubstantial, . . . or no longer open to discussion.'"  *DeGrazia v. F.B.I.*, 316 Fed. Appx. 172, 173 (3d Cir. 2009) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).  Dismissal is warranted here.

IT IS THEREFORE ORDERED that this action is dismissed without prejudice for lack of subject matter jurisdiction.  Judgment will be entered by separate document.

DATED this 22nd day of July, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

816, 819 (8th Cir. 2001) (stating that for diversity jurisdiction to exist under 28 U.S.C. § 1332, the citizenship of each plaintiff must be different from the citizenship of each defendant).